## UNITED STATES DISTRICT COURT.

### John E. Brown agt. The Steamboat Alida.

In order to effect a lien under the statute against ships and vessels, (2 *R. S.*, 493, 494, *o. p.*,) the debt must be created at the port where the vessel lies, and a specification of lien must be filed under the statute in that particular county. The lien debt is created, not by mere stipulation between the parties, but by applying to the benefit of the vessel those things which give existence to the lien. The lien debt comes into existence alone at the port where the constituents of it have been used or enjoyd by the vessel. Where the lien debt consisted of various items of work done on the vessel, partly while she lay in New York, and partly while traveling on her route to, and also at Kingston, on the Hudson river, and it appeared that the specification of lien had been only filed in the county of New York, the court rejected all those items of work not done in the county of New York, even though the libellant proved that the agreement to do the work was made in New York.

*In Admiralty, Southern District of New York.*
*Before* Hon. S. R. Betts, *D. J.*

The libellant was employed by the owners of the steamboat Alida, in the city of New York, to repair her. He commenced his repairs on her while she lay at her wharf in the city of New York, and continued them also on her while she was making her trips up to Kingston, on the Hudson river. The vessel navigated, in going to Kingston, through waters flowing through the territorial jurisdiction of several counties, but the libellant had only filed his specification of lien in the county of New York. He claimed he was entitled to the whole amount of his debt, because the employment was had in New York, and agreement made there to repair her. The same claimants in this as in the two former cases.

D. McMahon, *for libellant.*
Messrs. Bonney, Sherwood & Burrill, *for claimants.*

*Per curiam,* Betts, D. J. This was another case wherein a lien was claimed under the local law against the same.

boat. The distinction from the other cases consists in this : Parts of the labor and materials, the subjects of demand, were furnished the vessel at different ports, and the libel seeks to enforce them in a single suit, upon the supposition that the place of the bargain between the parties was within this port. This particular is not made certain upon the evidence in respect to all that was done and furnished to the vessel. But in my opinion the statute does not admit of that interpretation. Reading together the numbers of the first and second sections of the statute belonging to this subject, the provision is, whenever a debt, amounting to fifty dollars or upwards, shall be contracted, &c., and in all cases such lien shall cease immediately after the vessel shall have left such port, unless, &c. This necessarily implies that the debt contracted must be created at the port where the vessel lies, and also that the debt is not contracted by mere stipulation between the parties, but by performing or applying to the benefit of the vessel those things which give existence to lien. No lien arises out of an agreement alone, although that may be binding personally upon the parties ; but only on " a debt contracted on account of work, materials, stores or wharfage furnished the vessel." These are conditions precedent to a lien, and they come into existence alone at the port where the constituents of debt have been used or enjoyed by the vessel. The lien specification is filed only in New York, and its benefits cannot be extended beyond the territorial limits of that county. All services or furnishings to the vessel out of port, are outside the privilege required for the New York debt, and can be attached to the vessel in no other way than according to specific directions of the statute.

The case must accordingly go to a commissioner, to ascertain if a debt of $50 was due in New York, and subject to the lien. If less than that amount is found to have been under lien when the lien was filed, the libel must be

dismissed. The libellant will be entitled to a decree for all sums exceeding that amount.

The vessel is discharged from the action in relation to all debts contracted as defined. out of the county of New York, and also from all not secured by the lien specifications.

Decree accordingly.

NOTE.—The foregoing decisions were made before the passage of the act of 1860, amending the lien law relative to ships and vessels; yet the points decided in them are important, as well now as before the passage of the amending act. They will be of interest to suitors in the courts of this state, taking proceedings under that act, as the admiralty have now no longer jurisdiction in those cases where the contest arises respecting liens on domestic vessels owned within the state.